**William D. ARENDALL,
Plaintiff/Appellant,**

v.

**Christine BRADLEY, Commissioner,
Tennessee Department of Correc-
tion, Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section.

Aug. 18, 1995.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 8, 1996.

William D. Arendall, Pikeville, Pro Se.

Charles W. Burson, Attorney General & Reporter, Merrilyn Feirman, Assistant Attorney General, Criminal Justice Division, Nashville, for appellee.

TODD, Presiding Judge, Middle Section.

## OPINION

The captioned petitioner has appealed from the judgment of the Trial Court dismissing his petition for declaratory judgment regarding the computation of his time of incarceration in the custody of the Tennessee Department of Correction. The respondent moved the Trial Court to dismiss for failure to state a claim for which relief can be granted, but affidavits were filed by both respondents and petitioner. The judgment must therefore be reviewed as a summary judgment. TRCP Rules 12.02, 56.

The uncontroverted evidence shows the following facts:

On October 23, 1972, petitioner received two sentences of 30 and 20 years to run consecutively. On January 3, 1976, following release from federal custody, he began to serve the 30 and 20 year sentences. On June 10, 1985, petitioner received a further consecutive sentence of 3 years for escape. At some unstated time prior to December 5, 1986, the Parole Board erroneously granted petitioner a parole on the 30 year sentence effective December 5, 1986. This action was invalid because, at the time of sentencing, T.C.A. § 40–3612 provided that parole eligibility on a determinate sentence is set at one-half of the sentence imposed by the court. *Howell v. State,* (Tenn.1978), 569 S.W.2d 428. The Parole Board had no authority to parole petitioner on the 30 year sentence until he had served one-half or 15 years of it, that is, until January 3, 1991. Upon the discovery of the invalidity of the action of the Parole Board, on January 13, 1994, the records of the Department of Correction were revised accordingly.

The crux of petitioner's complaint is that the grant of parole cannot be rescinded. It has not been rescinded, it has been ignored because it was granted without authority, invalid, void, and ineffective.

All of the relief requested by petitioner is based upon his erroneous concept that the unauthorized action of the Parole Board conferred upon him a vested right which could not be withdrawn. This concept is erroneous, and cannot support a grant of relief.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against petitioner. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.